## PROSECUTION FOR VIOLATION OF A SANITARV ORDINANCE.

Superior Court of Cincinnati.

LOUISA C. PUMMILL V. CITY OF CINCINNATI ET AL.

Decided, March 10, 1919.

*Injunction—Does not Lie to Prevent Prosecution for Violation of a Health Ordinance—Where the Effect Would be in the Nature of Prohibition—When Equity Would Warrant Injunction.*

1. Injunctive relief can not be obtained to restrain the prosecution criminally for the violation of a municipal health sanitary ordinance, admittedly valid, where the penalty involves a fine with no interference with property rights and no irreparable injury is involved.

2. But if such ordinance, admittedly valid, precludes the right of taking the case to a higher tribunal, and the case involves property rights, without adequate relief in law resultant in irreparable damage, equity will grant an injunction.

*L. H. Pummill,* for plaintiff.
*Saul Zielonka* and *Frank H. Bowman,* contra.

GUSWEILER, J.

This cause is before the court on the question of the enforcement by criminal proceedings in the municipal court of Cincinnati against the plaintiff, of a health ordinance of said city compelling sanitary connection of certain real property of the plaintiff.

Plaintiff does not attack the validity of the ordinance in question, but does contend that it is invalid as to plaintiff in that if enforced against plaintiff it would violate her property rights.

The property rights alleged about to be violated are recited to be a forty year user of plaintiff's open drain to the sewer which, if forced to be changed to a direct sewer connection,

would cost plaintiff $87.50, this amount being more than 10 per cent. of the value of the property in question.

The question for our determination is, assuming that plaintiff at present has an open drain system on her realty satisfactory to her and made and used for more than forty years in compliance with some former municipal ordinance; that plaintiff's realty is of a value of about $800; that the new cost would be $87.50; and that the validity of the present sanitary police regulation is not attacked, do these facts involve property rights with attendant irreparable injuries, etc., justifying chancery relief by injunctive order restraining the city from enforcing said present ordinance against plaintiff by a fine?

Were everything alleged in plaintiff's petition admitted to be true, nevertheless as a matter of law we are of the opinion that this case does not present facts justifying a restraining order. It is quite true that the effect of the enforcement of the ordinance referred to might be a hardship upon plaintiff, in view of the value of the realty compared with the probable cost of the change, nevertheless it can not be successfully contended that the city has not this power to legislate from time to time on police regulation and sanitary needs. In the modern day the needs of a community, of a health, sanitary and police regulation kind, change from time to time and the realty situated in a community is bound by all such regulation, if reasonable, without regard to the special effect it might have upon a certain specific piece of realty.

The cost of the improvement or the value of the property can have no bearing on the validity of the ordinance or the enforcement thereof, where no general attack on the legality thereof is made.

We believe further that the court is without jurisdiction in the instant case, for the reason that the enforcement of criminal responsibility does not involve the property in question. If the ordinance is not complied with plaintiff may be held liable to a fine, etc. If the enforcement involved a wrongful destruction or irreparable injury to property without relief in law a different question would be presented. The case at bar does not compel plaintiff to surrender the right to the use of the property in order

to avoid the imposition of penalties upon her that when enforced must work irreparable **injury.** The effect of plaintiff's petition is to call for the relief granted under a writ of prohibition and not injunction. We are asked to stop the progress of a criminal proceeding or trial, and not to restrain an unlawful usurpation of property rights affected by the enforcement of some illegal criminal procedure. We are in accord with many of plaintiff's citations, but we see a difference between enjoining a criminal trial as such, and enjoining the enforcement of a criminal ordinance which with a penalty wrongfully interferes with plaintiff's property rights. No attempt is being made in this case to confiscate or destroy any property right or to deprive plaintiff of property rights of any character.

It follows that the restraining order heretofore granted is hereby dissolved at plaintiff's costs.